UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRAMAINE FLETCHER,<br><br>    Petitioner,<br><br>    v.<br><br>J. LIZARRAGA,<br><br>    Respondent. | No. 2:14-cv-1409 TLN CKD P<br><br>ORDER |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2009 conviction in the Sacramento Superior Court for various sexual offenses involving a minor, for which he was sentenced to a prison term of nineteen years and four months. Respondent has been directed to file a response to the petition.

    Before the court is petitioner's August 18, 2014 motion to stay the petition while he exhausts additional claims in the state courts. Petitioner asserts that after he exhausts these new claims, he intends to file an amended federal habeas petition that includes both (1) his original claims and (2) his newly-exhausted claims, which "relate back to the date of the original filing." (ECF No. 9.)

/////

/////

1

I.  Exhaustion of State Remedies

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondents' counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).  A mixed petition containing both exhausted and unexhausted claims must be dismissed.

II.  Procedures for Exhausted/Unexhausted Claims

Two procedures are available to federal habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief.

The "Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), involves the following three-step process:

> (1) petitioner amends his petition to delete any unexhausted claims,
>
> (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and
>
> (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).  A petitioner who proceeds under Kelly may amend his petition with newly exhausted claims if they are timely under the statute of limitations governing the filing of federal habeas petitions.[2]  If a petitioner's newly-exhausted claims are

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

[2] The habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas

2

untimely, he may amend his petition to include them only if they share a "common core of operative facts" with the claims in the original federal petition. See King, 564 F.3d at 1140–41; see also Duncan v. Walker, 533 U.S. 167, 172–75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).[3]

       The United States Supreme Court has authorized a second procedure for pursuing both exhausted and unexhausted claims, set forth in Rhines v. Weber, 544 U.S. 269, 277 (2005). Under the Rhines procedure, the petitioner may proceed on a "mixed petition," i.e., one containing both exhausted and unexhausted claims, and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them. See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims."). To obtain a Rhines stay of a mixed petition pending exhaustion of the unexhausted claims, the petitioner must show that (1) the unexhausted claims are potentially meritorious; and (2) petitioner had good cause for his earlier failure to exhaust state remedies. 544 U.S. 269.

       The court construes petitioner's motion as seeking a stay pursuant to Kelly. Accordingly, this action will be stayed until petitioner is able to exhaust state remedies as to his new claims, at which time he may file a fully exhausted amended petition.

       IT IS HEREBY ORDERED that:

       1. Petitioner's motion for stay (ECF No. 9) is granted;

       2. Within thirty days from the date of any order by the California Supreme Court

---

corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

[3] Unlike the Rhines procedure described below, the Kelly procedure does not require a showing of good cause. King, 564 F.3d at 1140. Rather, "a petitioner may invoke Kelly's three-step procedure subject only to the requirement that the amendment of any newly-exhausted claims back into the petition must satisfy Mayle [v. Felix, 545 U.S. 644, 650 (2005)]." Id. at 1143; see id. at 1142 ((Mayle requires new claims to relate back to claims that were exhausted at the time of filing).

addressing petitioner's proposed new claims, petitioner shall file a motion to lift the stay of this action;

    3. The Clerk of Court is directed to administratively close this case; and

    4. Respondent's motion for extension of time to file a response to the petition (ECF No. 11) is denied as moot.

Dated: August 26, 2014

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / flet1409.kelly

4