UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRAMAINE FLETCHER, | No. 2:14-cv-1409 TLN CKD P |
| Petitioner, | |
| v. | ORDER |
| J. LIZARRAGA, | |
| Respondent. | |

I. Introduction

Petitioner, a state prisoner, is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges his 2009 conviction for multiple child-related sexual offenses and his sentence of 19 years and four months.  (ECF No. 13 ("Ptn.").)  Before the court are petitioner's two evidentiary motions (ECF Nos. 26 & 27), which have been fully briefed.  (ECF Nos. 30 & 31.)

II. Background

Petitioner commenced this action on June 12, 2014.  (ECF No. 1.)  On August 26, 2014, the court stayed this action pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) while petitioner exhausted additional claims in the state courts.  (ECF No. 12.)

////

////

1

1     On November 20, 2014, petitioner filed a habeas petition in the California Supreme Court raising ineffective assistance and other claims. (Lod. Doc. 27.[1]) The state court summarily denied the petition on February 11, 2015. (Id.)

    On March 13, 2015, petitioner filed the First Amended Petition. (Ptn.) The court lifted the stay and directed respondent to file a response. (ECF No. 17.) On November 2, 2015, respondent answered the petition and lodged supporting documents. (ECF Nos. 21 & 23.)

    On January 7, 2016, petitioner filed a motion for evidentiary hearing (ECF No. 26) and a motion to expand the record pursuant to Habeas Rule 7(a) (ECF No. 27). Respondent opposed the motions (ECF No. 30), and petitioner filed a joint reply (ECF No. 31).

    One month after the motions were briefed, petitioner filed a traverse. (ECF No. 34.)

III. AEDPA

The statutory limitations of federal courts' power to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The text of § 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011), the Supreme Court held that federal habeas review under § 2254(d)(1) and § 2254(d)(2) is limited to the record that was before the state court that adjudicated the claim on the merits. See Dickens v. Ryan, 740 F.3d 1302, 1320 (9th Cir. 2015) ("In Pinholster, the Supreme Court made clear that a federal habeas court may not consider evidence of a claim that was not presented to the state court" when the claim was previously

---
[1] See ECF No. 23.

2

adjudicated on the merits in state court proceedings) (internal citations omitted).

IV.  Petitioner's Motions

Petitioner requests an evidentiary hearing on his ineffective assistance and Confrontation Clause claims pursuant to § 2254(e)(2) (A) & (B).  (ECF No. 26.)  Petitioner claims that his defense attorney failed to present photos of petitioner's body that would have refuted the victim's claims that he had a sexual relationship with her.  (Ptn. at 35.)  Petitioner also claims the trial court violated his Sixth Amendment right to confrontation by admitting videotaped testimony of the victim when she could not be located to testify at trial.  (Ptn. at 24-25.)

Petitioner argues that an evidentiary hearing is needed because "the fact finding procedures employed by the state court did not provide [him] with a full and fair opportunity to a hearing."  (ECF No. 26 at 2.)  Section 2254(e)(2), cited by petitioner, provides:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

See Dickens 740 F.3d at 1321 ("Petitioners seeking habeas relief cannot obtain an evidentiary hearing on their claims unless they comply with § 2254(e)(2).  [This section] severely restricts a petitioner's ability to obtain a hearing on a claim for relief where petitioner has failed to develop the factual basis of a claim in State court proceedings due to a lack of diligence[.]") (internal quotation marks omitted).  To show the required diligence, a petitioner must have "made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court."  Williams v. Taylor, 529 U.S. 420, 435 (2000).  "Diligence will require in

1 | the usual case that the prisoner, at a minimum, seek an evidentiary hearing in the state court in the
2 | manner prescribed by state law." Id. at 437.

3 |     Petitioner also moves to expand the record under Habeas Rule 7(a), which provides in
4 | relevant part: "If the petition is not dismissed, the judge may direct the parties to expand the
5 | record by submitting additional materials relating to the petition."  The district court retains
6 | discretion whether to expand the record in a habeas action, Williams v. Woodford, 384 F.3d 567,
7 | 590 (9th Cir. 200), as consistent with § 2254(d) and § 2254(e).

8 |     Nothing in the submitted motions warrants an evidentiary hearing or supplementation of
9 | the record under the standards set forth above.  However, until the court has the opportunity to
10 | conduct a thorough review of the merits of petitioner's claims, the court cannot determine
11 | whether an evidentiary hearing and/or supplementation of the record is called for in this case.
12 | Following such a review, the court will sua sponte issue an order for evidentiary hearing and/or
13 | supplementation of the record should it find that such a hearing is necessary.  Accordingly,
14 | petitioner's motions will be denied at this time without prejudice to their sua sponte renewal by
15 | the court.

16 |     IT IS HEREBY ORDERED that petitioner's evidentiary motions (ECF Nos. 26 & 27) are
17 | denied without prejudice to their sua sponte reconsideration should the court conclude that an
18 | evidentiary hearing and/or supplementation of the record is necessary upon review of the merits
19 | of petitioner's claims.

20 | Dated:  July 6, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

26 | 2 / flet1409.evid