UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRAMAINE FLETCHER, | No. 2:14-cv-1409 TLN CKD P |
| Petitioner, | |
| v. | ORDER |
| J. LIZARRAGA, | |
| Respondent. | |

The habeas petition in this action has been fully submitted and is awaiting review. On July 6, 2016, the court denied petitioner's two evidentiary motions without prejudice, pending review on the merits. (ECF No. 36.) Before the court is petitioner's July 25, 2016 motion for discovery pursuant to Rule 6(a) of the Federal Rules Governing Section 2254 Cases, U.S.C. foll. § 2254. (ECF No. 37.) Petitioner asks this court to order the Sacramento County Superior Court to assign him counsel for post-conviction DNA testing pursuant to Cal. Penal Code § 1405, or alternatively, to order "the federal equivalent." (Id. at 3.) See Younger v. Harris, 401 U.S. 37 (1971) (a federal court generally will not enjoin or directly intercede in ongoing state court proceedings absent the most unusual circumstances).

A federal habeas petitioner is not entitled to discovery as a matter of ordinary course. See Bracy v. Gramley, 520 U.S. 899, 904 (1997). However, Rule 6(a) of the Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, provides that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and limit

1

the extent of discovery." Habeas petitioners may conduct discovery only when specific allegations show reason to "believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908–09; Smith v. Mahoney, 611 F.3d 978, 996 (9th Cir. 2010).

In Cullen v. Pinholster, 131 S. Ct. 1388 (2011), the Supreme Court held that federal habeas review under § 2254(d)(1) and § 2254(d)(2) is limited to the record that was before the state court that adjudicated the claim on the merits. Once a state court has decided the claim on the merits, "evidence later introduced in federal court is irrelevant." Id. at 1400; see Wood v. Ryan, 693 F.3d 1104, 1122 (9th Cir. 2012) (petitioner "not entitled to an evidentiary hearing or additional discovery in federal court" because his claim was adjudicated on the merits under § 2254(d)).

Here, petitioner has not shown good cause under Rule 6(a).

Accordingly, IT IS HEREBY ORDERED THAT petitioner's motion to compel discovery (ECF No. 37) is denied.

Dated: August 3, 2016

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / flet1409.mtc