UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRAMAINE FLETCHER,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>J. LIZARRAGA,<br><br>　　　　　　Respondent. | No. 2:14-cv-1409 TLN CKD P<br><br>ORDER AND FINDINGS &<br>RECOMMENDATIONS |

Petitioner has filed a motion to correct the record. (ECF No. 44.) He has also filed a motion for temporary restraining order in which he requests that the California Department of Corrections be prevented from transferring him to another prison pending resolution of this matter. (ECF No. 45.) Alternatively, he requests that he be appointed counsel. (Id. at 3.)

I.　Motion to Correct the Record

In his motion to correct the record, petitioner asserts that the June 30, 2017 findings and recommendations incorrectly state that he was convicted in 2013 when he was in fact convicted in 2009. (ECF No. 44.) While the findings and recommendations do refer to petitioner as challenging a 2013 conviction, they also contain a footnote which clarifies that he was originally convicted and sentenced in 2009 and later resentenced as a result of his direct appeal. (ECF No. 40 at 1 & fn.1.) The court finds that the record is sufficiently clear and is not in need of correction; the motion will be denied.

1

II. Motion for Temporary Restraining Order or Appointment of Counsel

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose in issuing a temporary restraining order is to preserve the *status quo* pending a fuller hearing. The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The Ninth Circuit has held that injunctive relief may issue, even if the moving party cannot show a likelihood of success on the merits, if "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))).

In light of the pending recommendation that the petition be denied (ECF No. 40), petitioner is unable to show a likelihood of success on the merits and the motion for a temporary restraining order should be denied. Similarly, because of the recommendation that the petition be

denied, the court finds that the interests of justice do not require appointment of counsel and the alternate request for counsel will be denied.  See 18 U.S.C. § 3006A (authorizing the appointment of counsel at any stage of the case "if the interests of justice so require").

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to correct the record (ECF No. 44) is denied.

2. Petitioner's request for counsel (ECF No. 45) is denied.

IT IS FURTHER RECOMMENDED that petitioner's motion for a temporary restraining order (ECF No. 45) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 23, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:flet1409.hc.pi.f&r

3